**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| WANGYU GUAN; LIHUA TANG, | No. 05-77252 |
| Petitioners, | Agency Nos.    A075-681-156 |
| v. | A075-681-166 |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 5, 2011[**]

Before:    B. FLETCHER, CLIFTON, and BEA, Circuit Judges.

Wangyu Guan and Lihua Tang, natives and citizens of China, petition for review of the Board of Immigration Appeals' order dismissing their appeal from an immigration judge's ("IJ") decision denying their application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence factual findings, *Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003), and de novo due process claims, *Vasquez-Zavala v. Ashcroft*, 324 F.3d 1105, 1107 (9th Cir. 2003). We deny the petition for review.

Substantial evidence supports the agency's adverse credibility determination based upon petitioners' conflicting testimony regarding the date of Guan's abortion. *See Li v. Ashcroft*, 378 F.3d 959, 964 (9th Cir. 2004). In the absence of credible testimony, petitioners' asylum and withholding of removal claims fail. *See Farah*, 348 F.3d at 1156. In light of our conclusion, we need not address petitioners' contention that their application is timely or that the IJ selectively quoted from the country conditions reports.

Petitioners did not advance an argument in support of their CAT claim in their opening brief. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259-60 (9th Cir. 1996) (issues not supported by argument are deemed waived).

Petitioners' contention that they were denied due process because the IJ did not act as a neutral fact-finder in questioning the witnesses fails because the IJ is permitted to question witnesses. *See Melkonian v. Ashcroft*, 320 F.3d 1061, 1072 (9th Cir. 2003).

**PETITION FOR REVIEW DENIED.**